IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane Doe, <br><br>Plaintiff, <br><br>v. <br><br>Lake County Sheriff Markoya, <br><br>Defendant. | Case No. 25-cv-4815 <br><br> Judge Mary M. Rowland |

### ORDER

Plaintiff Jane Doe brings this *pro se* lawsuit against Defendant Lake County Sheriff Markoya. [1]. Before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP"). [4]. For the reasons explained herein, Plaintiff's IFP application [4] is denied. The motion to proceed under pseudonym [5] is denied as moot.

### STATEMENT

The federal *in forma pauperis* statute allows a litigant to pursue a case in federal court without paying fees and costs provided that the litigant submits an affidavit which asserts an inability to pay, 28 U.S.C. § 1915(a)(1), and as long as the action is not frivolous or malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

#### *A. IFP Application*

"To qualify for IFP status, a plaintiff must fully disclose her financial condition, and she must do so truthfully under penalty of perjury." *Effinger v. Monterrey Sec. Consultants*, 546 F. Supp. 3d 715, 717 (N.D. Ill. 2021) (citing 28 U.S.C. § 1915(a)(1)). "In order to proceed in forma pauperis, 'a plaintiff's income must be at or near the poverty level.'" *Barnes v. Reynolds*, No. 20-CV-5796, 2021 WL 4945191, at *2 (N.D. Ill. Feb. 1, 2021) (citations omitted).

Plaintiff's motion to proceed *in forma pauperis* [4] appears to be an "Application for Waiver of Court Fees" from the Circuit Court of Illinois website. *Id.* at 1. In her application, she states that she supports two other adults, and that she receives public benefits in the form of aid to the aged, blind, and disabled. *Id.* However, she does not provide any other financial information, including how much

aid she receives, or if she receives any other income. *Id*. Plaintiff does not state what her expenses or debts are (such as rent, utilities, food, bills). *Id*. It is also unclear if Doe is employed. In sum, the IFP application does not provide the Court with the information necessary for the Court to determine if she qualifies for IFP status. Because Plaintiff has failed to provide the Court with sufficient information about her financial status, her application to proceed IFP [4] is denied.

Plaintiff may file an amended IFP application with details of her income and debts for the Court to evaluate to determine if she is indigent. An application is enclosed with this order. The IFP application listed on the Northern District of Illinois webpage, found here:

https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_online/IFP_nonPrisoner.pdf.
Alternatively, Plaintiff is required to pay the full statutory filing fee of $405.00. If Plaintiff opts to file an amended IFP, she is required to fully and accurately report her financial condition on her IFP application so that the Court can determine if she is qualified to proceed *in forma pauperis*.

### B. Motion to proceed under a pseudonym

Plaintiff filed a motion to proceed under a pseudonym [5]. The motion appears to be a template available on the Circuit Court of Cook County's website. Because the Court has denied her IFP application, the motion [5] is denied as moot. If Plaintiff chooses to file an amended IFP, she can file a renewed motion to proceed under a pseudonym. The Court notes, however, that the Seventh Circuit generally disfavors the use of pseudonyms. The Seventh Circuit has allowed plaintiffs to proceed under fictitious names "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The Seventh Circuit has explained that "[i]dentifying the parties to the proceeding is an important dimension of publicness." *Id*. *See also Doe v. Loyola Univ. Chicago,* 100 F.4th 910, 914 (7th Cir. 2024), *reh'g denied,* No. 22-2925, 2024 WL 2818036 (7th Cir. June 3, 2024) (requiring the plaintiff to either dismiss the suit or obtain grant of anonymity by the district court judge).

Plaintiff is to file an amended IFP application or pay the filing fee by **August 21, 2025**. Failure to do so may result in dismissal of the case. She must also file a motion to proceed as Jane Doe consistent with the case law cited in this order or agree that the case will proceed under her name.

**CONCLUSION**

For the reasons stated herein, Plaintiff's motion to proceed IFP [4] is denied without prejudice. By **August 21, 2025,** Plaintiff shall file an amended IFP application or pay the full filing fee. If Plaintiff does not comply with this order by that deadline this case may be summarily dismissed. Plaintiff's motion to proceed under a pseudonym [5] is denied without prejudice. The Clerk is directed to send this Order and a blank IFP application to Plaintiff.

E N T E R:

Dated: July 28, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge