IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane Doe,<br><br>Plaintiff,<br><br>v.<br><br>Lake County Sheriff, and Officer Markoya, Badge #1990,<br><br>Defendant. | Case No. 25-cv-4815<br><br>Judge Mary M. Rowland |

### ORDER

Plaintiff Jane Doe brings this *pro se* lawsuit against Defendant Lake County Sheriff and Lake County Sheriff Markoya, Badge #1990. [1]. Before the Court is Plaintiff's amended application to proceed *in forma pauperis* ("IFP") [8], renewed motion to proceed under pseudonym [9], and motion for attorney representation [7]. For the reasons explained herein, Plaintiff's amended IFP application [8] is granted.

As explained further below, Plaintiff's renewed motion to proceed under a pseudonym [9] is denied. If Plaintiff wants to remain anonymous, she may choose to dismiss the suit without prejudice under Federal Rule of Civil Procedure 41(a)(2). If Plaintiff does not file a notice of dismissal by **September 22, 2025**, the Court will direct the Clerk to add Plaintiff's name to the public docket.

Plaintiff's motion for attorney representation [7] is denied without prejudice.

### STATEMENT

The federal *in forma pauperis* statute allows a litigant to pursue a case in federal court without paying fees and costs provided that the litigant submits an affidavit which asserts an inability to pay, 28 U.S.C. § 1915(a)(1), and as long as the action is not frivolous or malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

#### *A. Amended IFP Application*

Plaintiff's amended IFP application [8] states that her take-home pay is $1,650 per month. Furthermore, Plaintiff represents that her father and mother rely

1

on her for financial support in the amount of $600 per month. The United States Department of Health and Human Services 2025 guidelines for the 48 contiguous states and the District of Columbia set the poverty level for a household of 3 at $26,650 (available at http://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines). Considering Plaintiff's total income is below the poverty guidelines, and in light of her other debts and financial obligations, the Court finds there is sufficient information to find her indigent and unable to pay the filing fee. Plaintiff therefore can proceed *in forma pauperis* in this case.

### B. Complaint Review

Next, after finding a person qualifies to proceed *in forma pauperis*, the Court must screen the complaint and dismiss the action if it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* complaints are held to a less stringent standard, they are not excused from meeting the basic requirements of the federal rules. *Killebrew v. St. Vincent Health*, 295 Fed. App'x 808, 810 (7th Cir. 2008).

Plaintiff's Complaint, brought under 42 U.S.C. § 1983, 1985, and 1986 asserts claims for alleged violations of her constitutional rights arising from Plaintiff's arrest in Long Grove, Illinois on May 1, 2023. In particular, Plaintiff alleges her mother called 911 in response to a dispute between Plaintiff and her brother. Plaintiff further alleges Officer Markoya responded to the 911 call and interrogated her with "undue hostility," raised his voice, "dismissed [her] account of events and escalated the situation without cause." [1] at 4, 7. Plaintiff claims Officer Markoya's "behavior suggests a predetermined intention to justify an arrest" without probable cause. *Id.* at 7. She also contends Officer Markoya arrested her "in a manner that was both excessive and injurious" that caused Plaintiff to suffer a wrist injury and to experience discomfort and distress because Officer Markoya transported Plaintiff without proper clothing and with the vehicle windows open. *Id.* Finally, Plaintiff contends her allegedly wrongful arrest is the result of the Lake County Sheriff to properly communicate and interpret the instigating 911 call, which she represents sought a mental health evaluation and not to lodge a criminal complaint. *Id.* Plaintiff seeks compensatory and punitive damages and other relief as may be appropriate, including injunctive and declaratory relief.

Section 1983 Claims Against Officer Markoya

To state a claim for relief under § 1983, a plaintiff must allege: (1) she was deprived of a right secured by the constitution or laws of the United States, and (2) that the deprivation was visited upon her by a person acting under power of state law. *Gomez v. Toledo*, 446 U.S. 635, 635 (1980). The court is obliged to give the Plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Liberally construed, Plaintiff contends Officer Markoya used excessive force during an arrest in violation of the Fourth and Fourteenth Amendment. According to the complaint, Officer Maroya injured Plaintiff's wrist during the arrest. At this stage, Plaintiff has alleged sufficient facts, and the Court finds that the complaint is not frivolous as to her § 1983 claim against Officer Markoya and it may proceed.

Section 1983 Claims Against Lake County Sheriff

To the extent Plaintiff asserts a § 1983 claim against the Lake County Sheriff's Office in its official capacity, that is a claim against the Lake County Sheriff's Office as a governmental unit. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citing *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 690, n. 55 (1978)). To prevail on a § 1983 claim against a government entity, a plaintiff must demonstrate that an alleged constitutional right deprivation was caused by a policy, custom, or practice. *See Monell*, 436 U.S. at 692. Unconstitutional policies or customs can take three forms: an express policy that, when enforced, causes a constitutional deprivation; a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or a constitutional injury that was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). Plaintiff's claim against the Lake County Sheriff in an official capacity fails. Plaintiff has not alleged deprivation of a constitutional right caused by an individual with final policy-making authority. Nor has she claimed that her arrest or the conduct leading to and immediately following her arrest were the result of a policy, custom, or practice.

To the extent Plaintiff asserts a § 1983 claim against the Lake County Sheriff in his individual capacity, that claim fails as well. To recover under § 1983, a plaintiff must establish that the individual defendant was personally responsible for the constitutional violation. *See Minix v. Canarecci*, 597 F.3d 824, 834 (7th Cir. 2010); *Knight v. Wiseman*, 590 F.3d 458, 462–63 (7th Cir. 2009). Specifically, a "plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (citation omitted). Meanwhile, "a supervisor is not liable for the acts of her subordinates under § 1983 unless she was aware of and approved [his] employees' conduct." *Sides v. City of Champaign*, 496 F.3d 820, 827 (7th Cir. 2007);

*see also Minix*, 597 F.3d at 834 (supervisor must have condoned or acquiesced in subordinate's unconstitutional treatment). Plaintiff does not allege the Lake County Sheriff personally participated in or was aware of and approved his employee's conduct.

Accordingly, the Court finds that Plaintiff's § 1983 claim against the Lake County Sheriff is dismissed.

Section 1985 Claim

Plaintiff also brings a claim under § 1985 that Defendants conspired to deprive her of her constitutional rights. Plaintiff does not specify under which subsection of § 1985 she brings this claim. Regardless of the relevant subsection, Plaintiff has not stated a claim for relief.

As an initial matter, Subdivision (1) does not apply to the claim. To bring a claim under § 1985(1), Plaintiff must show that she is a federal actor. However, Plaintiff is not employed by the federal government. *See, e.g., Kush v. Rutledge*, 460 U.S. 719, 724 (1983); *Baron v. Carson*, 410 F. Supp. 299, 301 (N.D.Ill. 1976) ("On its face, § 1985(1) relates solely to federal officers and federal office holders."). Likewise, § 1985(2) contains two clauses that give rise to two causes of action. *Wright v. Illinois Dep't of Child. & Fam. Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994). "The first clause prohibits conspiracies that interfere with federal judicial proceedings, and the second prohibits conspiracies that 'obstruct the course of justice in state courts.'" *Hernandez v. Dart*, 635 F. Supp. 2d 798, 809 (N.D. Ill. 2009) (citing *Kush v. Rutledge*, 460 U.S. 719, 725 (1983)). Although Plaintiff does not specify which clause is at issue, the second clause is the only one that could possibly be implicated by Defendants' actions, as charges against her were brought in state court. *See Hernandez*, 635 F. Supp. 2d at 809.

Under the second clause of § 1985(2) and § 1985(3), a defendant's actions must be motivated by an intent to deprive their victims of the equal protection of the laws. *Kush*, 460 U.S. at 725. The Seventh Circuit has found this intent must be "a racial or otherwise class-based invidious discriminatory animus." *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Where a plaintiff alleges animus based on a non-suspect class, she does not state a claim under § 1985(2) or (3). *See Ma v. CVS Pharmacy, Inc.*, 833 F. App'x 10, 14 (7th Cir. 2020) (finding plaintiff failed to state a claim where discrimination theory was predicated on status as a parolee). Here, the complaint does not allege a conspiracy motivated by discriminatory animus, even one based on a non-suspect class. Plaintiff has therefore failed to adequately allege a claim for relief under § 1985.

Section 1986 Claim

Liability under § 1986 is derivative of liability under § 1985. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir.1991). Because Plaintiff has not stated a claim under § 1985, her § 1986 claim also fails.

### *C. Motion to proceed under a pseudonym*

The Court previously denied Plaintiff's initial motion to proceed under a pseudonym as moot but granted leave for Plaintiff to file a renewed motion if she filed an amended IFP application. [6]. In its prior order, the Court noted that the Seventh Circuit generally disfavors the use of pseudonyms except "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).

In her renewed motion to proceed as Jane Doe, Plaintiff requests anonymity due to the sensitive and private nature of the case, which includes allegations of domestic violence. [9]. She argues anonymity will "limit stigma, emotional harm, and … prevent further damage to [her] professional reputation as a musician with global presence and network." *Id*. Although the Court understands Plaintiff's preference to prevent the public from learning she was accused of and arrested for alleged domestic violence, the Seventh Circuit has held "a desire to keep embarrassing information secret does not justify anonymity." *Doe v. Loyola Univ. Chicago,* 100 F.4th 910, 914 (7th Cir. 2024) (collecting cases); *see also Doe v. Trs. of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024) (explaining reputational harms such as being shunned or trouble finding a job do not justify anonymity). Such are the circumstances here. Plaintiff's arguments amount to concerns about reputational harm. This justification does not warrant deviating from the norm in federal litigation that all parties' names are public. *Trs. of Indiana Univ.*, 101 F.4th at 491 (collecting cases).

Accordingly, Plaintiff's renewed motion to proceed under a pseudonym [9] is denied. If Plaintiff wants to keep her name a secret, she may choose to dismiss the suit without prejudice under Federal Rule of Civil Procedure 41(a)(2). If Plaintiff does not file a notice of dismissal by **September 22, 2025**, the Court will direct the Clerk to add Plaintiff's name to the public docket.

### *D. Motion for Attorney Representation*

Plaintiff's motion for attorney representation [7] is denied without prejudice at this early stage of the litigation. Plaintiff is a college graduate, and she is ably representing herself thus far. Plaintiff may refile this motion at a later date.

### **CONCLUSION**

Plaintiff's amended IFP application [8] is granted and motion for attorney representation [7] is denied. The renewed motion to proceed under pseudonym [9] is also denied. If Plaintiff wants to keep her name a secret, she may choose to dismiss the suit without prejudice by **September 22, 2025**. If Plaintiff does not file a notice of voluntary dismissal by September 22, 2025, the Court will direct the Clerk to add Plaintiff's name to the public docket.

For the reasons discussed above, Plaintiff's complaint is accepted as stating a § 1983 claim against Defendant Markoya based upon a violation of the Fourth and Fourteenth Amendment.

The Clerk is directed to accept Plaintiff's complaint and issue a summons for service of the complaint on Defendant Markoya. The United States Marshal Service is appointed to serve the Defendant. The Clerk is directed to send Plaintiff a USM-285 form. The Court advises Plaintiff that a completed USM-285 form is required to serve the Defendant. Plaintiff must return the completed USM-285 by **October 8, 2025**. If Plaintiff fails to comply with this order, this case may be dismissed for failure to comply with a court order and failure to prosecute.

E N T E R:

Dated: September 8, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge